### SMURR *v.* FORMAN.

*Order for Money on Regimental Paymaster.*

A colonel is not liable upon orders drawn on a regimental paymaster.

THIS cause came before Judges Hitchcock and Burnet, in Wayne county, 1824, by writ of error.

HARRIS, for the plaintiff; AVERY, for defendant.
    286

The declaration contained four counts: The first was for a horse sold and delivered; the second, third, and fourth charged the defendant as indorser of three several orders, each drawn by the colonel of the second regiment of the third brigade of the sixth division of the Ohio militia, signed by him in his official character, directed to the paymaster of the same regiment, requesting him to pay John Smurr, for a drum, ten dollars out of the regimental fund, which *orders had been severally assigned by Smurr to [273 Forman, and were declared on as bills of exchange.

The assignments were in these words: " I assign all my right and title of the within order to Alexander Forman."

There was a general verdict and judgment for the plaintiff, to reverse which, the writ of error was sued out.

The error principally relied on was, that the action could not be sustained against Smurr, as indorser of those orders.

By the COURT:

These orders were drawn agreeably to the directions of the statute relating to the militia, and were payable out of the regimental fund, in the hands of the paymaster. It was not the intention of the law, in any event, to render the colonel liable on these orders, or to place them on the footing of negotiable paper. They are given and received on the credit of a particular fund, and it is well understood that the holder is to look to that fund for payment. This was the nature and effect of the orders in the hands of Smurr, and when he assigned them, he passed nothing more than the right then vested in himself.

In case of a delay of payment, he had no recourse on the colonel, as a drawer of a bill of exchange, and when he assigned them, he gave no recourse on himself as an indorser of a bill of exchange. The assignee took them on the credit of the fund, and to that he must look for payment.

The statute making certain instruments of writing negotiable, contains a restricting clause. It provides that nothing in the act contained, shall be construed to make negotiable any bond, note, or bill of exchange, drawn payable to any person or persons alone, and not drawn payable to order, bearer, or assigns. These orders were drawn payable to Smurr alone, and not drawn to order, bearer, or assigns.

The transaction appears to have been *bona fide*, and without

287

fraud or misrepresentation, but had it been otherwise, the assignee must have sought his remedy in a different form of action. He could not treat the orders as bills of exchange, and infer the liability of the defendant from the assignment alone. His remedy must have been by a special action on the case.

For these reasons, we are of opinion that the second, third, and fourth counts are bad, and the verdict being general, that the judgment must be reversed.